In re Kevin Starr HATCHER, Karen Louise Shumaker Hatcher, Debtors.

Kevin Starr HATCHER, Karen Louise Shumaker Hatcher, Plaintiffs,

v.

MID–AMERICAN ACCEPTANCE CORPORATION, Defendant.

Bankruptcy No. 581–00118–S.

United States Bankruptcy Court, W. D. Louisiana.

Oct. 20, 1981.

Joseph A. Cannatella, Jr., Shreveport, La., for plaintiffs.

Keith M. Welch, Shreveport, La., for defendants.

LeROY SMALLENBERGER, Bankruptcy Judge.

## STATEMENT OF THE CASE

This case came for trial at Shreveport, Louisiana, on October 13, 1981, upon the petition of Kevin Starr Hatcher and Karen Louise Shumaker Hatcher, the plaintiff herein, praying that the defendant, Mid-American Acceptance Corporation, be held in contempt of Court.

## FINDINGS OF FACT

At the hearing the parties orally stipulated to the facts as found in their petitions and pre-trial memoranda. The Court finds the following to be the facts: On February 2, 1981, the plaintiff filed a petition seeking relief under Chapter 13 of Title 11. Prior to the filing of the petition, the Hatchers had obtained their automobile insurance from Mid-American Indemnity Company. The premiums were partially paid by the Hatchers and the balance was financed by an affiliated but separate corporation, the Mid-American Acceptance Corporation, defendant herein. Monthly payments were to be made to the defendant in order to maintain coverage but the plaintiffs fell behind. Three "notices of cancellation for non-payment of the premiums" had been sent to the Hatchers on November 14, 1980, February 13, 1981, and March 18, 1981. The first two notices were answered by the Hatchers with payment, thus maintaining insurance coverage. The third notice was answered by a phone call from Mrs. Hatcher to the insurer stating that they had filed bankruptcy and it was her attorney's opinion that cancellation of the insurance was in violation of the law. Defendants were already aware of the bankruptcy proceeding having received notice of the proceeding at the end of February. Receiving no further correspondence from either the Hatchers or their attorney, nor any payments, the insurer, Mid-American Indemnity proceeded to cancel the policy at the request of Mid-American Acceptance.

## CONCLUSIONS OF LAW

Plaintiff alleges that the cancellation of their policy is a violation of 11 U.S.C. § 362, and therefore the defendant should be held in contempt of Court. The allegations

present two questions. First, was there a violation of the automatic stay provisions of § 362 and second, is holding the defendant in contempt of Court an appropriate remedy?

The arrangement between the plaintiff and his insurer can either be viewed as an executory contract between the plaintiff and two affiliated corporations or as a simple debt owed to the defendant, the finance company having paid off the insurance company, and the plaintiff paying off the finance company in monthly installments. Assuming arguendo, that the latter is the correct way to view the relationship, then the cancellation of the insurance coverage could be viewed as a violation of § 362(a)(6). That section provides that there shall be no "act to collect, assess, or recover a claim against the debtor." Comments to paragraph (6) indicate that the paragraph is intended to prevent creditors from attempting in any way to collect a pre-petition debt. Therefore the defendant could be seen seeking to recover its debt by threatening to cancel the plaintiff's insurance coverage.

But even if this were the correct way to view the contractual arrangement, holding the defendant in contempt of Court is not an appropriate remedy. Plaintiff seeks to hold Mid-American Acceptance Corporation in contempt of Court for an act committed by another corporation, the Mid-American Indemnity Company. Mid American Indemnity was never made a party to this suit and no theory or authority has been propounded for ignoring the corporate structure.

Contempt is also inappropriate where the debtor inadvertently violates the stay. It is true that the defendant was aware of the bankruptcy proceeding and that they were listed as a creditor in the plan, but the plan did not provide for maintenance of the insurance coverage. The plan listed Mid-American Acceptance as an unsecured creditor who was to receive $2.00 per month. The defendants were unfamiliar with bankruptcy law and procedure and the only information they had was a telephone call from Mrs. Hatcher stating that it was her attorney's opinion that cancellation of coverage was in violation of the law. This does not indicate that the defendants willfully and maliciously violated the stay provisions. It is therefore held that the defendants were not in contempt of Court. As the plaintiff asked for no other relief, the petition is hereby dismissed.