**In re SYSTEMS MARKETING CONSOLIDATED, LTD., Debtor.**

**ALBANY BANK & TRUST CO., N. A., a national banking association, Plaintiff,**

v.

**JENNER & BLOCK, a general partnership, Defendant.**

**Adv. No. 81 A 4062.**

United States Bankruptcy Court, N. D. Illinois, E. D.

April 16, 1982.

Malcolm M. Gaynor, Howard L. Adelman, Ariel Weissberger and Arnold J. Karzov, Chicago, Ill., for plaintiff.

---

Edward L. Foote, James L. Perkins, Frank O. Westmore, II and Danae Prousis, Chicago, Ill., for defendant.

*Memorandum and order*

THOMAS JAMES, Bankruptcy Judge.

Defendant Jenner & Block has moved to dismiss the amended complaint of Albany Bank & Trust Co., N. A., plaintiff, seeking a money judgment on the ground that this court lacks subject matter jurisdiction over this amended complaint. This court is of the opinion that it does not have jurisdiction over the subject matter of the amended complaint. The motion to dismiss will be granted.

Albany Bank seeks a money recovery from Jenner for moneys owed on certain assignments of leases between Jenner and the debtor, Systems Marketing Consolidated, Ltd. Plaintiff alleges that Systems is engaged in the business of assembling and developing computer hardware systems and in the development and sales of software programs; that in 1978 and 1979 Systems and Jenner entered into several monthly-payment leases under which Systems installed certain computer systems in Jenner's office; that Systems assigned these leases to Albany Bank; and that Jenner owes the bank $206,328.68 plus interest.

28 U.S.C. § 1471(b) and (c) give a bankruptcy court concurrent jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to a bankruptcy case. The legislative history states:

> The use of the term "proceeding," though, is not intended to confine the bankruptcy case. Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. 524(b), the existence of prohibited post-bankruptcy discrimination, proposed 11 U.S.C. 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will be able to hear these proceedings because they arise under title 11.

> The phrase "arising under" has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. 522 would be cognizable by the bankruptcy court, as would a claim of discrimination in violation of 11 U.S.C. 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11. Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11. In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes.

> Examples of matters that the bankruptcy court will be able to hear include all items listed by the Bankruptcy Commission in its proposed bill, H.R. 31, 94th Cong., 1st Sess. §§ 2–201(a), 2–201(b) (1975), or the equivalents to those items under title 11 as proposed by H.R. 8200, as well as all items that the bankruptcy courts are now able to hear under Bankruptcy Act § 2a(2A).

H.R.Rep.No.595, 95th Cong., 1st Sess. 445–46 (1971), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6401.

The phrase "arising under" may not have the well defined meaning ascribed to it as noted in 13 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3562 (1975), where the authors observe:

> Rather than attempting a test it might be wiser simply to recognize that "the existing doctrines as to when a case raised a federal question are neither analytical

nor entirely logical," and that in the unusual case in which there is a debatable issue about federal question jurisdiction, pragmatic considerations must be taken into account.

But there is no doubt that the Albany Bank's statement of claim must allege a right created by the code in order that this court have jurisdiction as provided for these civil proceedings arising under the code. *Gully v. First Nat. Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The bank has not alleged any such provision.

Albany Bank has urged that its cause of action arises in or is related to the bankruptcy case. The filing of a bankruptcy case does not make this a court of general jurisdiction. It is easy to determine the jurisdiction granted by "arising in" for these are controversies involving property of the debtor's estate without regard to who has possession, actions to avoid payments and transfers of property pursuant to provisions of the code and all actions in which the debtor is a party plaintiff or defendant. H.R. 31, 94th Cong., 1st Sess. §§ 2–201(a), 2–201(b) (1975). Bank's cause of action does not arise in the bankruptcy case.

The last possibility is that the complaint is "related to" this case. This term includes all the matters that the court has mentioned. Does it add more? Yes. Those civil proceedings that have a logical or causal connection to this case. Some have referred to this as "reasonable nexus." Whatever euphuism may be employed there is a requirement of connection. This court can find no connection between the amended complaint and the administration of the chapter 11 case. A prompt resolution of the bank's claim against Jenner may affect the bank's claim' against Systems, but this does not connect the amended complaint sufficiently to the bankruptcy case to give the court jurisdiction over the subject matter of the bank's cause of action for breach of contract. Reorganization can be accomplished without resolution of the bank's rights against Jenner. Disposition of the bank's claim against Jenner does not impair or impede System's reorganization.

It is therefore ordered that the motion of Jenner & Block, defendant, to dismiss is granted and the amended complaint of Albany Bank & Trust Co., N. A., plaintiff, is dismissed.