In re ALITHOCHROME CORPORATION (a Delaware corporation, also d/b/a General Offset Printing Co., Inc., and ALC Holdings, Inc.), Debtor.

ALITHOCHROME CORPORATION (a Delaware Corporation), Plaintiff,

v.

PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, Defendant.

Bankruptcy No. 82 B 10335.

Adv. No. 82 5717-A.

United States Bankruptcy Court, S.D. New York.

March 17, 1983.

As Amended March 23, 1983.

Lane & Mittendorf, New York City, for Provident Mut. Life Ins. Co. of Philadelphia.

Stroock & Stroock & Lavan, New York City, for debtor.

## DECISION ON MOTION TO DISMISS

EDWARD J. RYAN, Bankruptcy Judge.

On February 23, 1982, Alithochrome Corp. ("Alithochrome") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The debtor was continued in possession of its property and in operation of its business pursuant to Section 1107 of the Code. Prior thereto, on December 31, 1980 and May 1, 1981, Provident Mutual Life Insurance Company of Philadelphia ("Provident") issued four group insurance policies to Alithochrome to furnish accident, major medical, life and dental insurance to Alithochrome's employees.

Alithochrome contends that the policies were in effect as of the date of its bankruptcy petition, and that Provident wrongfully failed to pay the claims filed by Alithochrome employees who were terminated after the date of the filing of the bankruptcy petition but who elected to continue the medical insurance in accordance with the terms of the policies. Provident, however, claims that the insurance policies lapsed prior to the date of the bankruptcy petition due to non-payment of premiums.

On May 26, 1982 Alithochrome commenced this action, seeking an order declaring the insurance policies to be in effect, directing Provident to accept payment for 39 weeks of continued coverage for terminated employees, and directing Provident to pay claims submitted by Alithochrome employees after January 1, 1982. In essence, Alithochrome seeks to assume the insurance policies and, as a prelude to such assumption, seeks resolution of the issue whether the policies were still in effect as of the filing date of the petition.

On June 7, 1982 Provident noticed a motion to dismiss Alithochrome's complaint on the ground that this court lacks subject matter jurisdiction over this action.

Provident contends that the Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (hereinafter *"Marathon"*), prohibits this court from proceeding with an adversarial action where one party to the action objects to the court's jurisdiction. We disagree.

In *Marathon* the Supreme Court, in a plurality opinion, held that 28 U.S.C. § 1471[1] confers an unconstitutionally broad grant of jurisdiction on the bankruptcy courts in violation of Article III of the United States Constitution. However, the Supreme Court has stayed its judgment until December 24, 1982, to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Marathon, supra,* 102 S.Ct. at 2880.

In *Marathon,* the plaintiff brought an action against his creditor seeking damages for breach of contract, breach of warranty, misrepresentation, coercion, and duress—all claims that arose entirely under state law. The suit was instituted in the bankruptcy court solely because the plaintiff had previously filed a petition for reorganization in the bankruptcy court. *Marathon, supra,* 102 S.Ct. at 2881. Prior to the passage of Section 1471 of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471, such an action, absent the consent of the parties, could be heard only within the plenary jurisdiction of the federal district court.

However, the underlying issue in the instant case involves the right of the debtor to assume or reject an allegedly executory contract. This is an area which has been traditionally reserved, without constitutional objection, to the summary jurisdiction of the bankruptcy courts:

"The concept of the rejection of executory contracts had its roots in the principle that a trustee in bankruptcy might renounce title to and abandon burdensome property. It was generally agreed that ... the trustee had the power to assume or renounce the contract, as he deemed best for the interests of the estate ... but there was language to the effect that the trustee's action consisted in a mere suggestion or application to the bankruptcy court, which by its order authorized the trustee either to reject or to assume the contract, as the court deemed best in the interest of the estate."

2 Collier on Bankruptcy ¶ 365.01 (15th ed. 1979).

The Supreme Court's decision in *Marathon* does not go so far as to remove summary jurisdiction from the bankruptcy courts. On the contrary, it was stated in a dissent opinion by Justice White, with whom the Chief Justice and Justice Powell concurred, that

"[T]he Court does not condemn as inconsistent with Article III the assignment of these functions—i.e., those within the

---

1. 11 U.S.C. § 1471 provides,

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

"(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

"(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

summary jurisdiction of the old bankruptcy courts—to a non-Article III judge, since they lie at the core of the federal bankruptcy power .... They also happen to be functions performed by referees or bankruptcy judges for a very long time and without constitutional objection. Indeed, we approved the authority of the referee to allow or disallow claims in *Katchen v. Landy,* 382 U.S. 323 [86 S.Ct. 467, 15 L.Ed.2d 391] (1966)."

*Supra,* 102 S.Ct. at 2886.

■ In determining whether a contract is executory and assumable, or indeed whether it was terminated prior to the petition in bankruptcy, as is the contention here, state law as well as Federal bankruptcy law must be applied. *See,* 2 Collier on Bankruptcy ¶ 365.04[1] (15th Ed.1979); *In re Fontainbleau Hotel Corp.,* 515 F.2d 913 (5th Cir. 1975); *In re New England Carpet Company,* 18 B.R. 514 (Bkrtcy.D.Vt.1982); *Executive Square Office Building v. O'Connor & Associates,* 19 B.R. 143 (Bkrtcy.N.D.Fla. 1981); *In re Flannery,* 11 B.R. 974 (Bkrtcy. E.D.Pa.1981); *In re Bronx-Westchester Mack Corporation,* 4 B.R. 730 (Bkrtcy.S.D. N.Y.1980).

■ The fact that the executory contract at hand is an insurance contract, which requires the application of state insurance law, does not bring this case any closer into the Supreme Court's *Marathon* prohibition. Federal bankruptcy courts have always had the power, as well as the expertise, to hear and determine issues involving questions of insurance law. *In re New England Carpet Company, supra; In re Hatcher,* 14 B.R. 757 (Bkrtcy.W.D.La.1981); *In re Interstate Stores, Inc.,* Reorganization No. 74 B 614–802, slip opinion (Ryan, B.J., S.D.N.Y., Jan. 11, 1980).

For these reasons, this court can and does choose to exercise its jurisdiction over this adversary proceeding.

The motion to dismiss for lack of subject matter jurisdiction is denied.

It is so ordered.