In the Matter of TITAN ENERGY, INC., Debtor.

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA, Plaintiff,

v.

TITAN ENERGY, INC., Butcher Capital Markets, Inc., Park, Ryan Development Co., Inc., general partners, d/b/a Ethanol Partners Accredited and d/b/a Ethanol Energy Partners, and Park, Ryan Development Co., Inc., general partner, d/b/a Park Ryan Ethanol Associates I, Defendants.

Bankruptcy No. 84–01663–SW–11.
Adv. No. 85–0314–SW–11.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Jan. 7, 1986.

See also 55 B.R. 856.

William H. Sanders, Benjamin F. Mann, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

Van Oliver, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for Titan.

Dennis R. Dow, Shook, Hardy & Bacon, Kansas City, Mo., for Butcher.

## FINAL JUDGMENT OF DISMISSAL OF ADVERSARY ACTION

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the plaintiff insurance company for a declaratory judgment to the effect that it is not liable on liability insurance policies issued to the debtor Titan Energy, Inc., and for a decree rescinding those policies. It is alleged that the plaintiff issued seven "products guarantee liability insurance policies" to the debtor Titan Energy, Inc., under the terms of which the plaintiff insured the debtor Titan Energy, Inc., against certain risks in production of ethanol to a limit of $1,000,-000; that the defendant Titan Energy, Inc., made certain misrepresentations to plaintiff in order to induce the issuance of the policies; and that, therefore, "plaintiff prays for a judgment declaring that the policies issued by plaintiff are and have been null and void from their inception." In other counts of the complaint, the plaintiff asserts that the other named defendants have made claims against the defendant Titan Energy, Inc., for nonproduction which are not within the coverage of the insurance policies because they are excluded by the provisions of the policies and that, alternatively, if payment is to be made on the policies, it should be made into the title 11 estate for the benefit of all creditors. And it is finally asserted that the other defendants have violated the automatic stay by instituting claims against the debtor in state courts.

In accordance with section 157(b)(3), Title 28, United States Code, this court *sua sponte* raised the issue of its own jurisdiction and accordingly issued its order on November 15, 1985, directing the parties to show cause in writing within 20 days why the within adversary action should not be dismissed for want of bankruptcy court jurisdiction and stating the following considerations:

"Under the holding of the Supreme Court of the United States of America in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), actions ex contractu are not determinable in the bankruptcy court. This remains so under the Bankruptcy Amendments and Federal Judgeship Act of 1984, which requires the district court to abstain from actions arising under state law which can be tried and determined in state courts of appropriate jurisdiction within a reasonable time. These principles appear to have special application in this action, in which two non-debtors are sought to be joined as parties defendant. The Bankruptcy Court has no jurisdiction of the plaintiff's claims against these strangers to the bankruptcy estate."

In response to the order, the plaintiff states its primary contention to the effect that Titan's rights under the insurance policies are part of the bankruptcy estate by operation of section 541 of the Bankruptcy Code; and that, therefore, "(t)here can be little question that count I of the complaint is related to administration of the Debtor's

estate and involves liquidation of an asset of the estate." But it is one thing to say that the estate in bankruptcy has a right of action and quite another to hold that the bankruptcy court has jurisdiction to determine the merits of that right of action. See 4A Collier on Bankruptcy para. 70.28, pp. 388, 389 (14th ed. 1978), to the following effect:

> "Where third persons seek to assert claims or liens upon a chose in action belonging to the bankrupt, the bankruptcy court is generally regarded as having sufficient 'constructive possession' of such intangible to adjudicate summarily all claims or liens thereon But, if the court so desires, it may consent to have the interests of third persons, if any, determined in a state court in cases where that is more convenient. Other problems of jurisdiction arising in suits upon causes of action will be considered hereinafter. Suffice it to say for present purposes that if the trustee chooses to sue on a cause of action passing to him ..., he must sue in a state court unless the defendant consents to federal jurisdiction or the bankrupt could have sued the defendant in federal court."

The provisions for consent jurisdiction in the bankruptcy court are now undone by the provisions of section 157(b)(3), *supra*.[1] Otherwise, if bankruptcy court jurisdiction could so easily be founded upon relationship of a contractual right to the bankruptcy estate, the bankruptcy court would have had jurisdiction in the case of *Northern*

*Pipeline Constr. Co. v. Marathon Pipe Line Co., supra,* itself. Only during the halcyon days of broadened bankruptcy court jurisdiction under the Bankruptcy Reform Act of 1978, before its invalidation by the Supreme Court in the *Marathon* decision, *supra*, did the bankruptcy court's jurisdiction extend so far. The decisions which are relied upon by the plaintiff to establish the jurisdiction of this court over the bellwether count of the complaint are all from the epoch of time in which section 1471(b) and (c), Title 28, United States Code, still governed the issue of bankruptcy court jurisdiction.[2]

Even if the first count of the complaint were within bankruptcy court jurisdiction (and, for the foregoing reasons, it is not), it would be taken out of bankruptcy court jurisdiction by its inextricable relationship to the suits between strangers to the estate. In its brief in support of jurisdiction in this action, the plaintiff asserts that, as to the nondebtor defendants, "(b)ecause ... (they) have asserted claims which may be within the scope of coverage were the policies found in effect, they are necessary and indispensable parties to the resolution of the existence of the policies themselves." Claims between strangers to the bankruptcy estate which relate to matters outside bankruptcy court jurisdiction cannot be entertained by the bankruptcy court. See, e.g., *In re Systems Marketing Consolidated, Ltd.,* 19 B.R. 519, 8 B.C.D. 1335, 1336 (Bkrtcy.N.D.Ill.1982), holding that the bankruptcy court does not have jurisdiction

---

**1.** "The bankruptcy judge *shall* determine, *on the judge's own motion* or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11 ..." Section 157(b)(3), Title 28, United States Code. (Emphasis added.)

**2.** Otherwise, the chief reliance of the plaintiff is placed upon *In re Alithochrome Corp.,* 28 B.R. 311, 312 (Bkrtcy.S.D.N.Y.1983), in which the court held that a bankruptcy court had jurisdiction to determine "the right of the debtor to assume or reject an allegedly executory contract." Plaintiff asserts that this holding stands for the proposition that "This Court has jurisdiction to hear a declaratory judgment action to determine the existence and extent of insurance

coverage." In that action, however, the bankruptcy court only assumed to employ its summary jurisdiction to determine an issue which has always been conceived of as one arising under the bankruptcy laws—whether an executory contract should be assumed or rejected by the debtor. The court did not pretend to adjudge and determine a suit on the contract itself. In the action at bar, the gist of plaintiff's action is to defeat *recovery* on the contract itself. As such, it is simply the inverse of the claim which, in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), was held to be wholly outside bankruptcy court jurisdiction. In that case, as in this one, the issues arise purely under state law.

of a claim between two strangers to the estate if that claim does not "arise in" the bankruptcy proceedings. This was generally the rule employed even during the effective dates of sections 1471(b) and (c), *supra*.

Nor, under the circumstances of this action, should the bankruptcy court, by virtue of the "related" status of the state law claim, hear the merits of the action and render recommended findings of fact and conclusions of law to the district court as provided by section 157(c)(1), Title 28, United States Code. Such action would be an exercise in futility when, on motion made after the recommended findings and conclusions are filed with the district court, the district court, under section 1334(c)(1), Title 28, United States Code, might be required to abstain from the action.[3]

In contending that jurisdiction is proper in this court, the plaintiff implies that a kind of "rule of necessity" applies in that "(t)his Court is the only forum where the conflicting claims of the Debtor, Butcher, and Park, Ryan can be resolved and the true extent of Debtor's estate established." It is observed in this regard that the two nondebtor defendants are alleged to have

filed claims against the plaintiff in Louisiana state courts, but that "(d)ebtor, because of the automatic stay, cannot be joined in the Louisiana lawsuit." Relief from the automatic stay, however, can be obtained for the purpose of joining Titan Energy, Inc., in the state court lawsuit. In view of the preference for state court forums which is set forth in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., supra,* and which permeates the Bankruptcy Amendments and Federal Judgeship Act of 1984, it would appear that this court's adjudication of the claims can and should await the resolution of the state court actions. For this reason, even if bankruptcy jurisdiction existed as to the claims at bar, "(t)here is a limited discretion available to a bankruptcy court to require matters to be litigated in state courts even where jurisdiction exists in the bankruptcy court." *In re Axton,* 641 F.2d 1262, 1273 (9th Cir.1981). For there is no way to exercise bankruptcy court jurisdiction without the specter of abstention by the district court without violating the rule of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., supra.*[4]

It is therefore, for the foregoing reasons,

**3.** The mandatory abstention statute, section 1334(c)(2), Title 28, United States Code, does not apply in actions in this case because it was filed before July 10, 1984. See section 122 of P.L. 98–353, to the pertinent effect that "Section 1334(c)(2) ... shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases." The Titan Energy, Inc., title 11 proceeding was filed on May 23, 1984. The effective date of the Act was July 10, 1984. The permissive abstention statute, section 1334(c)(1), Title 28, United States Code, applies, however, and it is difficult to believe that, in passing on the question of permissive abstention, the district court would not be swayed by the letter of section 1334(c)(2), *supra,* in deciding whether it might not be an abuse of discretion not to abstain.

**4.** See note 3, *supra.* It has been held that "a bankruptcy court does have jurisdiction to resolve a dispute between third parties 'if it is impossible to administer completely the estate of the bankrupt without determining the controversy.' ... Even if resolution of the controversy might have a 'chilling effect' on the financing of the arrangement plan ... or might reduce

claims against the debtor's estate ... exercising jurisdiction over a collateral controversy is improper where it is 'possible' to administer the estate without resolving the controversy." *Matter of Paso Del Norte Oil Co.,* 755 F.2d 421, 425 (5th Cir.1985). It is clearly possible, for the reasons spelled out in the text of this order, to administer the estate without resolution of this controversy. And, otherwise, to require the bankruptcy court to assume jurisdiction of this matter would run the risk of requiring it to assume jurisdiction of matters arising purely under state law. It is a risk which the bankruptcy court itself should not be prepared to take, lest it be accused of attempting to arrogate Article III status to itself. "(T)he bankruptcy court must be circumscript in interpreting the law delegating powers to it lest it be accused of arrogating Article III powers to itself.... It has historically been held that the designation placed by Congress on a court as an Article III court or a non-Article III court is not controlling; the question is whether any of the federal judicial power is conferred upon the court in question." *Matter of Richardson,* 52 B.R. 527, 533 (Bkrtcy.W.D.Mo.1985).

ADJUDGED that the within adversary action be, and it is hereby, dismissed for lack of bankruptcy court jurisdiction.