In the Matter of GLOBAL INTERNA-
TIONAL AIRWAYS CORPORATION,
Debtor.

GLOBAL INTERNATIONAL AIRWAYS
CORPORATION, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., Defendant.

Bankruptcy No. 83–02765–2–3–11.
Adv. No. 83–1196–2–3–11.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Oct. 9, 1986.

---

See also, 80 B.R. 983.

Ronald S. Weiss, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for plaintiff.

Morris J. Nunn, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL

DENNIS J. STEWART, Chief Judge.

On August 25, 1986, formerly, this court issued its order remanding this civil action, which sounded in contract and breach of contract, to the Circuit Court of Jackson County. The bases of the order of remand, briefly summarized, were (1) that the action was not within the "core" jurisdiction of the bankruptcy court, a principle supported by the letter of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and its progeny, including *In re Castlerock Industries, Inc.,* 781 F.2d 159, 162 (9th Cir.1986) [1]; (2) that, as a "related" case, it would likely be a vain effort for the bankruptcy court to hear the action and make recommended findings of fact and conclusions of law to the district court (see Section 157(c)(1), Title 28, United States Code) when, on any timely motion thereafter [2], the district court might be required to abstain under § 1334(c)(1), Title 28, United States Code [3]; and (3) that the action could not be treated as a diversity action when (a) the district court had refused to treat it as such in transferring the action to the bankruptcy court in an order which had not been appealed or otherwise challenged

1. The type of action at bar is of precisely the same category which the Supreme Court held to be beyond the jurisdictional competence of the bankruptcy court to determine in the *Marathon* case. See, e.g., *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986), holding as follows: "State law contract claims that arguably fall within either of these catch-all provisions [§ 157(b)(2)(A) or 157(b)(2)(0) ] have been held to be 'noncore' 'related' proceedings under § 157(c) ... we hold that state law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B)–(N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions, sections 157(b)(2)(A) and (0). To hold otherwise would allow the bankruptcy court to enter final judgments that this court has held unconstitutional." *Id.* at 162.

2. Under the current case law, there is nothing to prevent a motion filed after the bankruptcy court has rendered recommended findings of fact and conclusions of law to the district court from being considered timely.

3. As the court stated in the challenged judgment: "In this action, however, if this court were to file recommended findings of fact and conclusions of law and a proposed judgment with the district court, the effort would likely be wasted. Under Section 1334(c)(1), Title 28, United States Code, the district court has the power permissively to abstain from any action related to a bankruptcy case. When the district court, in issuing its order of December 5, 1983, transferring the action to this court, has already refused to treat the action as a pure diversity action, it appears that the issue of district court jurisdiction has been decided and must be accepted by this court as the law of this case." See also *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Titan Energy, Inc.,* 57 B.R. 498 (Bkrtcy.W.D.Mo.1986), to the following effect: "The mandatory abstention statute, section 1334(c)(2), Title 28, United States Code, does not apply in actions in this case because it was filed before July 10, 1984. See section 122 of P.L. 98–353, to the pertinent effect that 'Section 1334(c)(2) ... shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases.' The Titan Energy, Inc., title 11 proceeding was filed on May 23, 1984. The effective date of the Act was July 10, 1984. The permissive abstention statute, section 1334(c)(1), Title 28, United States Code, applies, however, and it is difficult to believe that, in passing on the question of permissive abstention, the district court would not be swayed by the letter of section 1334(c)(2), *supra,* in deciding whether it might not be an abuse of discretion not to abstain." *Id.* at n. 3.

and (b) the removal from the state court had not been accomplished under the diversity removal statute, Section 1441(a), Title 28, United States Code, but rather under the statute providing for removal of actions related to bankruptcy cases, Section 1452 of the same title. The defendant has now filed a notice of appeal of that order to the district court and has presented this court with a motion for stay pending appeal.

This court believes that the requested stay should not be granted for the principal reason that an order of remand under Section 1452(b), Title 28, United States Code, is not an appealable order. That subsection provides as follows:

> "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise."

The movant, however, argues that the bankruptcy court should not be permitted to enter an unreviewable order of remand. This is an argument which finds support in a bankruptcy court decision and in a recent position paper circulated by the National Bankruptcy Conference.[4] There is little in the way of helpful reasoning in either of those sources, particularly in an action of the category of that at bar, which, even after the bankruptcy court has heard the action and made recommended findings of fact and conclusions of law to the district court, may be bound to be abstained from on a motion for abstention filed thereafter. Even the position paper of the National Bankruptcy Conference recognizes that implementing the Section 157(c)(1) procedure in such a case as this will almost certainly be followed by mandatory abstention.[5] There is no reason for the bankruptcy court not to exercise the removal power in such an action as this, in which abstention may not be within the discretion of the district court, but rather may be mandatory.[6]

To suggest, furthermore, that the bankruptcy court must, in such an action, refrain from making the ruling demanded by the clear letter of the law and instead prepare an additional volume of paperwork to transmit to the district court would threaten to resurrect the same uncertain skirmish lines along which the internecine verbal battles of yesteryear were fought and which all reasonable persons hoped to have been erased by the Bankruptcy Amendments and Federal Judgeship Act of 1984. For, if the decision to remand an action clearly subject to mandatory abstention cannot be committed to the bankruptcy court, it would appear that a host of other similar decisions heretofore made by the bankruptcy court must be made the subjects of reports and recommendations to the district court. The position paper of the National Bankruptcy Conference contains a few examples.[7] And, if the goal is to ensure that the bankruptcy court does not err in any interlocutory order, those examples might will be extended to include the hundreds of such orders which are weekly rendered by a bankruptcy court. Would the bankruptcy court, prior to rendering a final decision in any "core" matter, be required to report to the district court on its determination that the matter was not a "related" matter, simply to ensure that the bankruptcy court had not rendered an unreviewable order on the issue of its own jurisdiction?[8] Bankruptcy

---

4. "It is the Conference's position that removal under section 1452 should be to the bankruptcy court, not to the district court. Remand motions should be filed with and heard by the bankruptcy court. Orders of remand or determinations not to remand are not reviewable by appeal or otherwise. Therefore, it is the Conference's position that the order should be entered by the district court under the procedures provided in section 157(c)(1). The Rules should so provide." 23 Harv.J. on Legis. 357, 375 (1986).

5. The National Bankruptcy Conference takes no position as to what constitutes a *timely* motion to abstain. *Id.* at 372.

6. See note 3, *supra.*

7. Including mandatory withdrawal under § 157(d), Title 28, United States Code.

8. In fact, it would seem more impelling to have review of such orders of dismissal than one of remand, which is almost always destined to be

courts would again be caught in the dilemma of protecting themselves from accusations of arrogation of judicial power by transmitting congeries of paperwork to the district court and, at the same time, defeating the purpose of the 1984 Act which in large part was to prevent such a profusion of district court activity in bankruptcy matters by committing interlocutory matters to the bankruptcy court.

The bankruptcy court, after all, is not making a final decision in this case [9], nor even one which bars the defendant from any and all access to federal jurisdiction. For, having failed to gain that access through Section 1452, *supra*, it appears possible for the defendant to remove the case to the federal courts under the diversity removal statute, Section 1441, *supra*. [10]

Even if the appellate courts should ultimately hold the order of remand to be reviewable, despite the clear and unambiguous wording of Section 1452(b), *supra*, any stay pending appeal should still be denied. The above cited considerations concerning the likely duty of the district court mandatorily to abstain from this action as one "related" to a bankruptcy case (unless otherwise removed under the diversity removal statute) make the current appeal a frivalous one. This is especially true in view of the time considerations which now apply in this action, which has now pended for years before various courts without being brought to trial. Because of the jurisdictional doubts which plague the action's potential future in this court, it seems propitious for all concerned to proceed promptly to a trial of the merits in the state court, where jurisdiction is virtually beyond question. Otherwise, when the jurisdiction issue may result in the ultimate reversal of any judgment issued by this court or the district court, trial and determination here may be a futile and useless enterprise.

It is therefore

ORDERED that the appellant's motion for stay pending appeal be, and it is hereby, denied.

---

followed by a jurisdictional ruling or assertion by a court of competent jurisdiction.

**9.** *Id.*

**10.** The prior removal appears to have been under the provisions of the statute providing for removal of cases related to bankruptcy proceedings, rather than the diversity removal statute, section 1441(a), Title 28, United States Code. It is true that when "the defendant has not specified any new ground for removal, ... the first remand is conclusive against the second petition for removal." *Grey v. Stanford Research Institute*, 108 F.Supp. 639 (N.D.Tex.1952). In this case, however, a wholly new ground for removal would be raised, involving another statute entirely. Cf. *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir.1967) (in which remand was refused after a second removal).