## In re BURTON COAL CO.
## No. 7758.

Circuit Court of Appeals, Seventh Circuit.

Feb. 9, 1942.

Rehearing Denied April 4, 1942.

Louis Cohen and Thomas H. Maddock, both of Chicago, Ill., for appellant.

Henry S. Blum, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Upon the filing of an involuntary petition for the reorganization of the debtor, Burton Coal Company, and an answer by the debtor, an order of approval and leave to file was entered.

One of the creditors was the Continental Illinois National Bank and Trust Company. Its claim was secured by stock of the debtor company. MacDonald and Cook claimed to be the owners of this same common stock of the debtor. An application was made to a special master for an order establishing appellee's superior right to the common stock of the debtor. Appellants resisted this and challenged appellee's superior lien on the stock. The master and the court found for appellee and against MacDonald and Cook, who appealed.

In this court they assail the jurisdiction of the District Court. They raise but one question, which they state to be: "Does a court of bankruptcy, in administering the bankruptcy law, have jurisdiction and power to determine a dispute between parties, concerning ownership of and title to property in which neither the debtor corporation nor its trustee has any interest?"

In support of their position denying jurisdiction, appellants cite: Bankruptcy Act 1938, Section 2, subsection a(7), 11 U.S.C. A. § 11, sub. a(7); Brumby v. Jones et al., 5 Cir., 141 F. 318; McGrath v. Lubliner & Trinz Theatres, Inc., et al., 7 Cir., 100 F.2d 646; Nixon v. Michaels, et al., 8 Cir., 38 F.2d 420.

Appellee concedes that ordinarily a court of bankruptcy would not take jurisdiction of a controversy between two parties over a matter concerning which trustee of the bankrupt estate has no interest. There is, however, an exception to this rule; namely, where the debtor is seeking a reorganization, and it is necessary to ascertain the title to the stock where the approval of the stockholders is necessary to a reorganization. It is also necessary where the approval of the debtor's reorganization requires the affirmative vote of creditors, and the amount of a secured creditor's claim is dependent upon its title to, and the value of, the collateral which, in this case, is the debtor company's common stock.

It is clear that a reorganization of the debtor can not be had without the approval of the creditors. Appellee is a creditor, but the extent of its claim can not be ascertained until the value of the collateral which secures it is determined. The value of its security involves (a) the market value of the stock, and (b) the determination of the controversy between appellants and appellee, both of whom claim the stock.

It was impossible to administer the estate, or to reorganize the debtor, without

determining the controversy between appellants and appellee respecting this stock. Upon that determination depended the amount of appellee's claim against the debtor. Because of such fact, the jurisdiction of a court of bankruptcy is extended beyond what it ordinarily would be. It extends to disputes such as existed between appellants and appellee, without the settlement of which reorganization cannot proceed. United States F. & G. Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055; In re Railroad Supply Co., 7 Cir., 78 F.2d 530.

The decree of the District Court is affirmed.