### In re BURTON COAL CO. et al.

### BURTON v. BROWNING et al.

### No. 9023.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1946.

Rehearing Denied June 28, 1946.

John J. Dowdle, of Chicago, Ill. (Joseph Keig, of Chicago, Ill., of counsel), for appellant.

J. Roy Browning and Henry S. Blum, both of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Appellee, Freeman Coal Mining Corporation, hereafter called Freeman Company, moves to dismiss this bankruptcy appeal on the ground of frivolousness of appeal, lack of right of party appealing to appear in the bankruptcy proceedings, and res adjudicata.

Appellant is the widow and administratrix of Frederic Burton who was an officer and stockholder of the Burton Coal Company, one of the three companies which was reorganized. His stock had been pledged as collateral to the Continental Bank, and sold as a result thereof. Appellant petitioned the District Court, June 26, 1945, for relief against Browning, the bankruptcy trustee, and the Freeman Coal Company, which company was organized to receive the debtors' property. She claims title in Burton to certain coal lands and leases in Williamson County, Illinois.

Browning was appointed bankruptcy trustee of debtors in September, 1938. A plan of reorganization was approved, February 4, 1942, and confirmed March 27, 1942, and on April 1, 1942, Browning transferred the debtor estates to Freeman Coal Company. The plan of reorganization has been fully consummated and no appeal was taken from the order of approval or confirmation of the plan.

On January 24, 1942, the Freeman Company filed suit in the Circuit Court of Illinois against appellant and her husband seeking to have Burton declared trustee of the coal lands for the benefit of said Freeman Company. The Illinois Circuit Court, on December 1, 1943, granted Freeman Company such relief and directed the Burtons to execute a conveyance to the Freeman Company. The Supreme Court of Illinois affirmed the judgment, January 15, 1945 (388 Ill. 604, 58 N.E.2d 589) and, certiorari was denied by the United States Supreme Court, May 21, 1945, Burton v. Freeman Coal Min. Corp., 325 U.S. 859, 65 S.Ct. 1196.

In August, 1938, the Burton Co. owed Continental Bank, $388,509. These loans were secured by $573,907.23 of the Company's accounts receivable of which approximately $500,000 were false and fictitious. To secure these loans, Burton, on August 31, 1938, executed individually and as president of Burton Company, an assignment to the Bank, as collateral, of all the company's stock. He was the equitable owner of said stock, although certain shares stood in the names of other persons. The Bank filed, and by stipulation was allowed, an unsecured claim of $368,086.78, July 31, 1941. The Bank, at public sale, August 28, 1941, sold the Burton Company common stock to Material Service Company.

In the plan of reorganization of Burton Company there was no provision for the stockholders of that company except they were given the right to purchase stock in the new company. There was no equity in said debtor belonging to the stockholders.

After the sale of the pledged stock, appellant and her husband ceased to be stockholders with an interest in the Burton Company, or in the reorganization. They had not filed claims as creditors. Two other nominal stockholders in the Burton Company, whose stock was included in the pledge, contested the Bank's title thereto, and the bankruptcy court's adjudication of the Bank's prior lien on this stock was affirmed by this court. In re Burton Coal Co., 7 Cir., 126 F.2d 447.

On October 29, 1942, Burton filed a petition in the bankruptcy proceedings charging the Continental Bank, the Material Service Company, and Browning with fraud and conspiracy, and prayed that the order of confirmation of the plan be vacated and that Burton be restored to his original position as a stockholder. The issue was referred to a master who found that the petition had not been presented in good faith and recommended that leave to file said petition be denied. On October 5, 1943, the

district judge overruled the recommendation and granted Burton leave to file the petition, and received answers. The trial court thereupon requested the Securities and Exchange Commission to join the proceedings and make an examination of the allegations of the petition, which the Commission did, and reported on March 25, 1944. Its report was exhaustive. It investigated all the facts of the case to that date, and concluded:

"Reduced to fundamentals, the petition of Burton seeks to have the court reopen and revise a completely consummated plan of reorganization. * * *

"* * * From our examination and study of the record in this case, the charges of fraud and misconduct alleged in the petition and the claim of Burton that he is a stockholder and creditor do not appear to be supported by the evidence."

The District Court also filed a memorandum and denied Burton's petition, October 24, 1944, 57 F.Supp. 361.

On June 26, 1945, Mrs. Burton lodged a new petition, the denial of leave to file which is here the subject of appeal. The gist of her claim is that the state court suit was unauthorized by the bankruptcy court, a court of exclusive jurisdiction, and therefore she seeks an injunction against the carrying out of its decree directing a conveyance of the land by the Burtons to Freeman Company, and she seeks an injunction against Freeman Company's conveying the land.

The District Court found that Mrs. Burton has no standing as a creditor or a stockholder in this proceeding and that no benefits could flow to her by a revesting of title to the land in the trustee. The District Court also concluded that the state court proceedings were res adjudicata, and he also cited appellant's delay of three years in contesting Freeman Company's suit in the state court.

We approve the District Court's action. For one who has no interest in the subject matter of the litigation, the appellant and her deceased husband have had more than their allotted day in court. They have long blocked or delayed the reorganization of the debtor. Their claims have been rejected or denied by state and Federal courts. They are wholly without merit. Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; Squibb & Sons v. Mallinckrodt Works, 293 U.S. 190, 55 S.Ct. 135, 79 L.Ed. 279; 11 Cyclopedia of Federal Procedure, p. 632; 3 Amer.Jurisprudence, p. 676. The appeal must be and is dismissed as frivolous.