In re BELL & BECKWITH, Debtor.

Mary L. McKENNY, Plaintiff,

v.

Patrick A. McGRAW, Trustee, et al., Defendants.

Bankruptcy No. 84–0165.
Related Case: 83–0132.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 12, 1985.

Louis J. Hattner and Richard E. Wolff, Toledo, Ohio, Frank C. Razzano, Washington, D.C., for plaintiff.

Fuller & Henry, Toledo, Ohio, for Patrick A. McGraw, trustee.

Stephen P. Harbeck, Washington, D.C., for SIPC.

R. Michael Frank, Toledo, Ohio, for Liberty Airlines, Inc.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss filed by the Defendant, Liberty Airlines, in the above entitled adversary action. The parties have submitted their arguments regarding the merits of the Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Dismiss should be DENIED.

## FACTS

The facts, as they are relevant to the disposition of this Motion, do not appear to be in dispute. Prior to the initiation of liquidation proceedings against the Debtor, the Plaintiff and Liberty Airlines entered into a contract with PAW Leasing Associates, Inc. (hereinafter "PAW"), whereby PAW borrowed approximately Three Hundred Fifty Thousand and no/100 Dollars ($350,000.00) from the Plaintiff for the purchase of a Convair 440 aircraft. PAW was to lease the aircraft to Liberty Airlines for use in its operations. In return for the loan, the Plaintiff received a promissory note signed by PAW as the principle obligor, and by Liberty Airlines as an accommodating party. The Plaintiff also received from PAW a security interest in the aircraft, and from Liberty Airlines the assignment of its account at the Debtor-brokerage. At the time of this transaction there was approximately One Hundred Thousand and no/100 Dollars ($100,000.00) in the account.

Subsequent to the commencement of the Debtor's liquidation, PAW defaulted on the terms of the note and was subjected to repossession of the aircraft by the Plaintiff. The plane was sold for approximately Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00), leaving a deficiency of One Hundred Thousand and no/100 Dollars ($100,000.00) on the amount owed to the Plaintiff. Both the Plaintiff and Liberty Airlines have filed claims against the Debtor's estate for the balance in the account. The Plaintiff claims rights in the account by virtue of the assignment, whereas Liberty Airlines claims the account on the assertion of ownership. Although these claims have been filed with the Trustee, neither party has been paid, despite the fact that the account appears to be eligible for SIPC protection. In an effort to enjoin further withholdings of funds which otherwise would already have been paid to account holders qualifying for SIPC protection, the Plaintiff filed this action.

In the Motion to Dismiss, the Defendant Liberty Airlines has contended that this Court is without subject matter jurisdiction to hear this case. Specifically, it contends that the determination as to the rights and liabilities as between itself and the Plaintiff is an action on a contract which is peripheral to the liquidation effort, and that proper jurisdiction would only be found before an Article III Judge or a state court. Furthermore, it contends that the Bankruptcy Amendments and Federal Judgeship Act of 1984 is not applicable to this proceeding, inasmuch as it did not become effective until after this case had been commenced. Both the Trustee and the Plaintiff summarily oppose the arguments made by Liberty Airlines.

## LAW

■ The Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 333 (1984), (hereinafter "the Act") § 122 states in pertinent part:

"(a) Except as otherwise provided in this section, this title and the amendments made by this title shall take effect on the date of the enactment of this Act."

§ 553 of the Act states in pertinent part:

"(a) Except as otherwise provided in this section the amendments made by this

title shall become effective to cases filed 90 days after the date of enactment of this Act."

A review of the legislative history, specifically H.R. 5174, finds that § 122 was intended to implement the jurisdictional aspects of the Act upon the date of enactment, whereas § 553 delayed the effectiveness of the substantive amendments to Title II until October 10, 1984. As suggested by the Plaintiff, both the legislative history and the fact that Congress made a distinction between the dates on which the two different aspects of the Act were to become law indicates that the jurisdictional modifications were to become applicable to cases that were pending at the time of enactment. See, H.R. 5174, 38 Cong.Rec. S8897 (daily ed. June 29, 1984). Indeed, the jurisdictional portions had to become effective on that date, inasmuch as all prior legislative authorization for the Bankruptcy Courts had expired. Therefore, based upon the plainly apparent import of § 122 and the legislative history, it must be concluded that Liberty Airlines' assertion that the Act is not applicable to this case is without merit.

■ The Movant has also addressed, albeit briefly, the question as to the constitutionality of the retroactive appointment of the Bankruptcy Judges. In the cases of *Danning v. Lummis (In re Tom Carter Enterprises, Inc.)*, 44 B.R. 605, 12 B.C.D. 536 (C.D.Cal.1984), and *In re Benny*, 44 B.R. 581, 12 B.C.D. 495 (N.D.Cal.1984), the Courts held that it was within the authority of Congress to continue the services of the incumbent Bankruptcy Judges. These decisions were based on the fact that 11 U.S.C. § 404(b) and (d) provided that the terms of the present Judges expire only upon the appointment of their successors, and that no successors were appointed prior to the date of enactment of the Act. These opinions, although not necessarily binding upon this Court, lend support to the presumption of constitutionality afforded all legislation. *Immigration & Naturalization Service v. Chadha. See*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). Therefore, it must be concluded

that the Movant, having failed to overcome the presumption of validity, is not entitled to dismissal on these grounds.

The Court now turns to the grounds upon which the Motion is primarily based, those being that the Court is without subject matter jurisdiction to determine the rights and liabilities between itself and the Plaintiff. The issues raised by this contention address the provisions of 28 U.S.C. § 157(b) which state in pertinent part:

"(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 ... and may enter appropriate orders and judgments ...

(2) Core proceedings include, but are not limited to—

(B) allowance or disallowance of claims against the estate ...

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ..."

Under these provisions, the Bankruptcy Court is authorized to adjudicate "core proceedings". Included in such proceedings are matters that involve the allowance or disallowance of a claim, and the adjustment of the debtor-creditor relationship.

■ Although a claim filed pursuant to 11 U.S.C. § 502(a) enjoys *prima facie* validity, *Wilson v. Huffman (Matter of Missionary Baptist Foundation of America, Inc.)*, 712 F.2d 206 (5th Cir.1983), inherent in a trustee's decision as to whether or not to object to a claim is a decision as to both the estate's liability on the claim and the amount of that liability. Where, as here, two parties have filed claims for the same account, the Trustee must necessarily object, at least in part, to the claims of one or both creditors. When the objection is filed, the burden will then shift to the Trustee to negate the presumption of validity. *In re Busman*, 5 B.R. 332 (Bkcy.E.D.N.Y. 1980). In prosecuting his objection, the Trustee will be required to address, and the Court will be required to rule upon the issue of whether or not Liberty Airlines

has superior rights to the account. The results of that litigation will have a direct impact on the allowance or disallowance of the claim of either Liberty Airlines or the Plaintiff, as well as the distribution of estate proceeds to the prevailing party.

 In light of this impact, it must be concluded that the ultimate issues to be decided by this case are issues which fundamentally address the validity and value of claims against the estate. Though not posited as objections to claims, the thrust of this case is to reach a determination as to which of the claims should be allowed, and which should not. Litigation which adjudicates those issues is clearly a "core proceeding" within the contemplation of 28 U.S.C. § 157. Therefore, this Court has proper subject matter jurisdiction over this proceeding.

The Court notes that Liberty Airlines is correct to the extent it asserts that in the absence of bankruptcy proceedings, the dispute between itself and the Plaintiff would have to be litigated in state Court. It is, however, incorrect to the extent it asserts that such litigation will not further the Debtor's liquidation. Unlike the situation in *In re Dr. C. Huff Co., Inc.*, 44 B.R. 129 (Bkcy.W.D.Ky.1984), wherein the Court dismissed, as not directly or indirectly affecting the estate, an action by one creditor against another to recover a setoff, the issues in this case directly involve the allowance or disallowance of a claim. Although the Court has considered the option of staying this case until a determination by the state court as to the rights of the parties can be made, such an abeyance would not result in a prompt resolution of this entire dispute. The pleadings already request the Court to make a finding as to which party has superior rights in the account, the same issues that would have been addressed had they been brought before this Court as objections to claims. Remanding this case to a state Court would only further delay adjudication of these issues and would not accommodate the goal of judicial economy, in light of the fact that the parties necessary for a complete resolution of the dispute are already before a Court of competent jurisdiction. Therefore, for the reasons previously stated, it must be concluded that this Court should proceed with the disposition of this case.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion to Dismiss filed by Liberty Airlines be, and is hereby, DENIED.